UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIM KANAGY, | ) | CASE NO.: 5:19-cv-01726 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLANDS MILLROOM SUPPLY, INC., *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Currently pending before this Court is Plaintiff Kim Kanagy's ("Kanagy") Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Mot. to Am. Compl., ECF No. 14.) Defendants Midlands Millroom Supply, Inc. ("Millroom"), Midlands Technologies, Inc. ("Technologies"), Fred E. Clark ("Clark"), and Jerome Lesnick ("Lesnick") (collectively "Defendants") timely filed an opposition to Kanagy's motion. (Opp'n to Mot. to Am. Compl., ECF No. 15.) Thereafter, Kanagy timely filed a reply in support of his original motion. (Reply in Supp. of Mot. to Am. Compl., ECF No. 16.)

Federal Rule of Civil Procedure 15(a)(2) provides that, when requesting an amendment before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As indicated in Kanagy's motion, and as evidenced by Defendants' opposition to Kanagy's motion, Defendants do not consent to Kanagy amending his complaint. (Mot. to Am. Compl. 1, ECF No. 14; Opp'n to Mot. to Am. Compl., ECF No. 15.) Therefore, this Court must determine whether justice requires allowing Kanagy to amend his original complaint.

Kanagy's original complaint brought claims for breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging Defendants, Kanagy's previous employers, deducted benefit contributions from Kanagy's paychecks without properly remitting those withholdings to Kanagy's elected retirement plan. (*See generally* Compl., ECF No. 1; Mot. to Am. Compl. 1, ECF No. 14.) Kanagy seeks to amend his complaint solely to add claims against the same Defendants, Kanagy's previous employers, for unpaid wages in violation of Ohio and federal law. (Mot. to Am. Compl. 1, ECF No. 14.) Kanagy moved to amend his original complaint before a case management conference was held for this matter and before any discovery commenced.

Because leave to amend a complaint should be freely given "when justice so requires," a court, in denying a request for leave to amend, is typically restricted to situations where "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment" are present. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Kanagy's first request for leave to amend his complaint. He made the request before this Court held a case management conference; therefore, he made the request before formal discovery began. Additionally, Kanagy does not seek to add additional parties, but rather add additional claims directly related to conduct at issue in Kanagy's original complaint – that is, Kanagy's employment with Defendants.

Defendants argue that Kanagy should not be granted leave to amend his complaint because he knew of these additional claims before filing his original complaint and because Kanagy wishes to amend his complaint to inflate his damages as certain claims contained in Kanagy's original complaint are moot. (*See* Opp'n to Mot. to Am. Compl. 1-2, ECF No. 15.) These arguments,

however, are wholly conclusory in nature. This Court has not received any filings requesting dismissal of claims due to mootness and the passage of five months' time between Kanagy's separation of employment with Defendants and filing this action does not establish prior knowledge of the additional claims Kanagy wishes to bring.

If Defendants are arguing the amendment should not be allowed due to delay, it is well established that delay alone "does not justify the denial of leave to amend." *Sec. Ins. Co. v. Kevin Tucker & Assocs.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Although "a party must act with due diligence if it intends to take advantage of the Rule's liberality," the party arguing delay in opposition to allowing an amendment must make "some significant showing of prejudice" that resulted because of the delay in order to adequately demonstrate that allowing amendment would not serve justice. *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). *See also Kline v. Mortg. Elec. Registration Sys.*, 704 F. App'x 451, 468-69 (6th Cir. 2017) (explaining that the "longer period of unexplained delay" between filing the original complaint and requesting leave to amend, "the less will be required of the nonmoving party in terms of a showing of prejudice"). Conclusory allegations of prior knowledge do not establish undue delay and unsupported speculations do not rise to the level of articulable prejudice.

There is no indication to this Court that Kanagy did not act diligently in requesting leave to amend his original complaint. Additionally, Defendants have not demonstrated that they have already experienced or would experience significant prejudice should Kanagy be allowed to amend his original complaint. Because Kanagy's request to amend his original complaint was filed prior to the initiation of discovery, because the claims he wishes to add are against the same Defendants and related to the conduct giving rise to Kanagy's original claims against Defendants, and because

Defendants have not articulated demonstrable prejudice they would experience should Kanagy amend his complaint, this Court hereby GRANTS Kanagy's request for leave to amend his complaint. Kanagy is instructed to file his amended complaint immediately.

IT IS SO ORDERED.

DATE: March 17, 2020   /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT